UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTRA DEFAULT SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 25-cv-03900-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

PSG & Associates Management, Inc. and Perla S. Guitierrez (together, "PSG") move to remand this action, a petition to resolve claims over surplus proceeds from a trustee's sale ("Petition"), back to the Superior Court of California, County of Contra Costa County. PSG argues that the Petition concerns primarily state law issues and was improperly removed to this court by respondent the Internal Revenue Service ("IRS"). However, removal jurisdiction exists under 28 U.S.C. § 2410. The motion to remand is DENIED.[1]

## BACKGROUND

Anthony P. Thekkek and Prema P. Thekkek (together, "Thekkeks") owned many properties, including a property located at 161 Smith Road, Alamo, California 94507 ("Property"). Notice of Removal [Dkt. No. 1] ¶ 3. The IRS and others recorded liens against the Property. The IRS's lien of over $17,000,000 became ripe on November 19, 2018, and was recorded against the Property on July 10, 2019. Notice of Removal ¶ 4, Ex. A, ECF pg. 51.

In 2023, PSG initiated a lawsuit against the Thekkeks in Solano County Superior Court. Notice of Removal, Ex. A at ECF pg. 120. The parties reached a settlement on January 30, 2024. *Id*., Ex A at ECF. Pgs. 78-86 ("Settlement"). The Settlement required the Thekkeks to convey the

---
[1] This matter is appropriate for resolution on the papers. The July 9, 2025 hearing is VACATED. Civ. L.R. 7-2(b).

1    Property and many other properties to PSG by "grant deed." The Superior Court signed off on the

2    Settlement in February 2024, retaining jurisdiction to enforce it. *Id*. at ECF pgs. 75-77.

3         After the settlement was entered, Petitioner Entra Default Solutions LLC ("Entra") started

4    judicial foreclosure proceedings for the Property. Notice of Removal, Ex. A at ECF pgs. 7-9. The

5    foreclosure sale was held on April 17, 2024, and on July 18, 2024, Entra sent written notice of

6    surplus proceeds to all individuals and entities with recorded interests, including PSG. *Id*., Ex. A

7    at ECF pg. 62-65. Three claims were filed against the surplus funds; by the IRS, the California

8    Franchise Tax Board ("FTB"), and Golden State Palms, Inc. ("Golden"). *Id*. at ECF pg. 34.[2]

9    PSG did not file a claim, but did file an "objection." *Id*. Given the competing demands on the

10   surplus funds, Entra filed its "Petition and Declaration Regarding Unresolved Claims and Deposit

11   of Undistributed Surplus Funds Proceeds" from the trustee's sale on the Property in Contra Costa

12   Superior Court on April 2, 2025. Dkt. No. 1, Ex. A.

13        The IRS removed the Petition to this court on May 5, 2025. Notice of Removal [Dkt. No.

14   1]. PSG now moves to remand to the state court. Motion to Remand [Dkt. 12]. Entra filed a

15   notice confirming that it does not take a position on the motion to remand. Dkt. No. 16. FTB

16   filed a response withdrawing its claim to the surplus funds and disclaiming its interest in the funds.

17   Dkt. Nos. 21, 22. The IRS opposes remand, arguing that jurisdiction is proper here and that this

18   matter should remain in federal court. Dkt. No. 17.

19        PSG moves for remand on the following grounds: (1) a petition for interpleader pursuant to

20   Cal. Civ. Code § 2924k does not raise a substantial federal question to justify removal of the state

21   court action under 28 U.S.C. §§ 1444 and 2410; (2) the state laws governing disbursal of the

22   surplus funds, including California Civil Code §§ 2924 through 2924k, and equitable claims to the

23   funds, substantially predominate over any claim or defense raised by the IRS; and (3) the Superior

24   Court that entered the Settlement between PSG and the Thekkeks retains jurisdiction to enforce

25   the Settlement and may be the appropriate court to resolve questions of entitlement to the surplus

26

---

27   [2] The liens on the Property recorded prior to the Settlement include: (1) the federal tax lien in
     excess of $17,000,000; (2) tax liens recorded by FTB in excess of $6,500,000; and (3) an abstract
28   judgment held by Golden State Palms, Inc., for $1,983,000. *Id*., at ECF pgs. 51-58.

funds. *See generally* Mot. to Remand.

Underlying PSG's motion is the contention that because the Thekkeks failed to disclose the liens and encumbrances on the Property at the time of the Settlement and transfer of grant deed – despite the fact that the IRS and other liens were publicly recorded and easily discoverable – PSG is entitled to the surplus proceeds because enforcement of the liens contradicts the warranties and personal "debts" the Thekkeks created at the time of the Settlement. Mot. to Remand at 6. As discussed below, this argument is misplaced.

## LEGAL STANDARD

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

## DISCUSSION

The IRS was entitled to remove this action for the reasons explained by the Ninth Circuit in *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128 (9th Cir. 2011). There, as here, a "petition and declaration regarding unresolved claims" filed in state court under Cal. Civ. Code section 2924 was removed to federal court by the United States based on an IRS tax lien. As the Ninth Circuit explained:

> The United States invoked 28 U.S.C. § 1444 as its basis for removing the action. Section 1444 provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States." 28 U.S.C. § 1444. Section 2410, in turn, provides that "the United States may be named a party in any civil action or suit ... in any State court having jurisdiction of the subject matter [ ] ... of interpleader ... with respect to[ ] real or

3

        personal property on which the United States has or claims a mortgage or other lien." *Id*. § 2410(a).

*Id*. at 1131.

    There, the party seeking remand

> argue[d] that the action was not an interpleader within the meaning of section 2410 and, hence, not removable under section 1444. The [movants] focus on the fact that California Civil Code section 2924j distinguishes between filing a "declaration" and an "interpleader." Because [Petitioner] filed a "declaration," the [movants] reason that the action could not have been an "interpleader."

*Id*. The Ninth Circuit rejected that argument:

> Here, Quality disclaimed any interest in the surplus proceeds, deposited them with the state court, and petitioned the court to resolve the competing claims. Even if California law does not denote this procedure an "interpleader," it was functionally equivalent to an action in interpleader and therefore was an interpleader within the meaning of section 2410. Consequently, the action was removable pursuant to section 1444.

*Id*. at 1132.

    The facts and posture of the *Quality Loan* case and the Petition here are materially identical. *See also California TD Specialists v. 34370 Eucalyptus Terrace, Fremont, California 94555*, No. 23-CV-02224-AMO (PHK), 2024 WL 3461929, at *3 (N.D. Cal. May 10, 2024), *report and recommendation adopted*, No. 23-CV-02224-AMO, 2024 WL 3467805 (N.D. Cal. June 10, 2024) ("the removal of the action (pursuant to Section 1444) provides a basis for federal subject matter jurisdiction because, as discussed above, the case presents a federal question under Section 1331" regarding the priority of the IRS tax lien over competing claims); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,'" and here the Petition noting the predominant federal lien is the appropriate reference).[3] PSG does not directly

---

[3] Where, as here, removal was clearly appropriate, the generic presumption against removal does not help PSG. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (applying presumption against removal to find that legal malpractice claim, even where merits of a patent claim must be resolved, "does not arise under federal patent law"); *Gaus v. Miles, Inc*., 980 F.2d 564 (9th Cir. 1992) (recognizing strong presumption against removal jurisdiction). Similarly, the issue of discretionary pendent (now supplemental) jurisdiction over state law claims is not at issue. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

engage with *Quality Loan* or any of the other cases holding that the United States is entitled to remove actions to determine the priority of IRS liens under federal law.

PSG criticizes the United States for "failing to grapple with the core substance of this case" – which it believes is "equitable ownership deed warranties, and the enforcement of a court-approved judicial settlement." Reply at 2. But the merits of PSG's claims – against the funds in this case or against the Thekkeks for any breach of the Settlement – are not at issue now and cannot be resolved on the motion to remand. The IRS need not (and appropriately did not) address PSG's claims and defenses on the merits in opposing the motion. Whatever claims PSG may have under federal or state law with respect to the resolution of Petition and distribution of the surplus funds may be raised and adjudicated in this forum as appropriate under the Federal Rules of Civil Procedure.[4]

**CONCLUSION**

PSG's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: July 7, 2025

William H. Orrick
United States District Judge

---

[4] Despite PSG's unsupported assertions to the contrary, the fact that PSG is not a "lienholder" does not undermine the removability of the Petition recognizing the federal lien or diminish the on-point authority of *Quality Loan*.